IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
CEDRIC LEVONNE DAVIS,         )
                              )
      Plaintiff,              )
                              )        CIVIL ACTION NO.
      v.                      )         2:25cv586-MHT
                              )            (WO)
JOSEPH HEADLEY, et al.,       )
                              )
      Defendants.             )
```

OPINION AND ORDER

Pursuant to 42 U.S.C. § 1983 and Alabama law, the plaintiff, who is incarcerated, filed this lawsuit asserting that correctional officials and officers at Staton Correctional Facility in Elmore, Alabama violated his rights under the U.S. and Alabama Constitutions to due process by holding disciplinary proceedings against him without giving adequate notice or an adequate opportunity to bring or question witnesses. He also contends that they retaliated against him for filing grievances in violation of his constitutional rights to free speech, and that their actions inflicted emotional distress. Plaintiff also

filed a motion for preliminary injunction seeking to preserve surveillance footage, enjoin the defendants from retaliating against him, and, in the alternative, expunge his disciplinary conviction or order a new hearing.

This case is before the court on the recommendation of the United States Magistrate Judge that the plaintiff's motion for preliminary injunction be denied. Also before the court are plaintiff's objections to the recommendation, and his supplements to the record. *See* Order Granting Plaintiff's Motion to Supplement (Doc. 32); Decl. of Cedric Davis (Doc. 26); Objections (Doc. 27). Upon an independent and de novo review of the record, the court concludes that the objections should be overruled and the recommendation adopted except to the extent that the court agrees with plaintiff that video of the disciplinary hearings might have been relevant to his motion.* However, such video,

---

\* The magistrate judge understandably read plaintiff's request for video evidence as seeking

if it ever existed, no longer exists.  *See* Response to Order (Doc. 31); Complaint (Doc. 1) at para. 16 (noting that plaintiff filed his complaint "likely beyond the retention period" of 30 days for video evidence under ADOC policy).

Accordingly, it is ORDERED that:

(1) The objections (Doc. 27) are overruled.

(2) The recommendation of the United States Magistrate Judge (Doc. 24) is adopted.

(3) The motion for preliminary injunction (Doc. 2) is denied.

It is further ORDERED that this case is referred back to the magistrate judge for further proceedings.

DONE, this the 13th day of March, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

---

preservation of video of the incident that was the focus of the disciplinary process, rather than evidence of the disciplinary hearings themselves.  Plaintiff only made it clear that he was seeking video of the hearings in his responses to the report and recommendation.